

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**FILED**

FEB 1 5 2007

CLERK'S OFFICE, DETROIT-PSG
U.S. DISTRICT COURT

LORENZO ANTHONY,

        Plaintiff,

v.

WEIDMAN, ET AL.,

        Defendants.
_____/

Case Number: 2:07-CV-10467

HON. VICTORIA A. ROBERTS

## ORDER OF PARTIAL DISMISSAL AND DIRECTING PLAINTIFF TO PROVIDE ADDITIONAL COPIES OF COMPLAINT

Plaintiff Lorenzo Anthony, a state prisoner currently incarcerated at the Standish Maximum Correctional Facility in Standish, Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding without prepayment of the filing fee in accordance with 28 U.S.C. § 1915(a)(1). Title 28 U.S.C. § 1915(e)(2), provides that, for any matter in which the plaintiff is proceeding *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim up which relief may be granted." 28 U.S.C. § 1915(e)(2). After careful consideration, the Court dismisses Plaintiff's claim that Defendants violated the Equal Protection Clause because Plaintiff fails to state a claim upon which relief may be granted with respect to this claim.

Plaintiff has named eleven Michigan Department of Corrections (MDOC) officials and employees as defendants. In addition, he names twelve John Doe defendants. Plaintiff claims that Defendants violated his rights under the Eighth Amendment and the Equal Protection Clause by placing him in top-of-bed restraints.

A viable claim that a defendant has violated the Fourteenth Amendment's Equal Protection Clause requires a state actor's intentional discrimination because of the plaintiff's membership in a protected class. McCleskey v. Kemp, 481 U.S. 279, 292 (1987). Plaintiff does not allege that Defendants' actions were based upon Plaintiff's membership in a protected class. Therefore, he fails to state a claim upon which relief may be granted.

For the foregoing reasons, the Court **ORDERS** that Plaintiff's equal protection claim is **DISMISSED**.

The Court determines that service of the complaint is appropriate. However, the Court may not, at this time, direct service of the complaint upon the Defendants because Plaintiff has failed to file with the Court a sufficient number of copies for service. See Fed R. Civ. P. 4(c)(1) ("The plaintiff . . . shall furnish the person effecting service with the necessary copies of the . . . complaint"). The Court shall not require Plaintiff to provide copies for the John Doe defendants because they may not be served at this time. When Plaintiff provides information sufficient to allow service of those defendants, he shall be required to provide additional copies. Therefore, the Court further **ORDERS** that the Clerk shall return to Plaintiff with a copy of this order one copy of the complaint and any exhibits, so that he may obtain the required additional copies of the complaint.

The Court further **ORDERS** Plaintiff to file eleven properly bound copies of his complaint and attachments with the Court within **THIRTY DAYS** from the date of this Order. Failure to file the required copies may result in the dismissal of the complaint.

**SO ORDERED.**

*Victoria A. Roberts*
VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

DATED: **FEB 14 2007**
Detroit, Michigan

---

### CERTIFICATION

I certify that, on the date indicated below, I mailed a copy of this order and the complaint to plaintiff.

DATED: 2/15/07

*Estrada*
Deputy Clerk