# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LORENZO ANTHONY,

        Plaintiff,                    Case Number: 07-10467

v.                                      HON. VICTORIA A. ROBERTS

UNKNOWN WEIDMAN, ET AL.,

        Defendants.
_____/

### ORDER (1) DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION; (2) GRANTING PLAINTIFF'S MOTION FOR COURT TO ORDER CLERK TO PROVIDE PLAINTIFF WITH ONE COPY OF COMPLAINT; AND (3) GRANTING PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME

Plaintiff Lorenzo Anthony filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.  On February 15, 2007, the Court issued an Order of Partial Dismissal and Directing Plaintiff to Provide Additional Copies of Complaint.  The Court dismissed Plaintiff's claims asserted under the Equal Protection Clause.  Now before the Court are Plaintiff's Motion for Reconsideration, Motion for Court to Order Clerk to Provide Plaintiff with One Copy of Complaint and Attached Exhibits, and Motion for Enlargement of Time in Which to Provide Court With Copies of Complaint.

Motions for reconsideration may be granted when the moving party shows (1) a "palpable defect," (2) by which the court and the parties were misled, and (3) the correction of which will result in a different disposition of the case.  E.D. Mich. L.R. 7.1(g)(3).  A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest or plain." Olson v. The Home Depot, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004).

Plaintiff asks for reconsideration of the Court's dismissal of his claims filed under the

Equal Protection Clause. He alleges that he stated a claim for an equal protection violation under a "class of one" theory. An equal protection claim can be brought by a "class of one" where the plaintiff alleges that he has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). Plaintiff's claim that he was treated differently than others similarly situated was conclusory and contradicted by allegations made in his complaint. First, Plaintiff alleged that other prisoners were placed in top-of-bed restraints without just cause and left in restraints longer than they properly should have been. Thus, on these facts, he fails to allege that he was treated differently than others similarly situated. Second, to the extent that Plaintiff alleges that he was treated differently than others who were similarly situated, his allegations are so conclusory they fail to support an equal protection claim. *See* Kyles v. Garrett, 2007 WL 806916, *1 (5th Cir. March 15, 2007) (conclusory allegation asserting cause of action on behalf of a "class of one" insufficient to state a claim); Wilson v. Stanislaus County Bd. of Supervisors, 2007 WL 135980, *4 (E.D. Cal. Jan. 17, 2007) (prisoner-plaintiff's conclusory allegation of equal protection violation insufficient to establish a violation). The Court finds that its decision dismissing the equal protection claim was not based on a palpable defect and the Motion for Reconsideration is **DENIED.**

Plaintiff claims that the Clerk of Court has not returned to him a copy of the complaint and any exhibits as required by the Court. The Court, therefore, **GRANTS** Plaintiff's Motion for Court to Order Clerk to Provide Plaintiff With One Copy of Complaint and Attached Exhibits and **ORDERS** that the Clerk return to Plaintiff with a copy of this order one copy of the complaint and any exhibits, so that he may obtain the required additional copies of the

complaint.

Finally, the Court **GRANTS** Plaintiff's Motion for Enlargement of Time in Which to Provide Court With Copies of Complaint, and **ORDERS** Plaintiff to file the required copies within **SIXTY DAYS** from the date of this Order.

**SO ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: April 23, 2007

The undersigned certifies that a copy of this document was served on the attorneys of record and pro se plaintiff by electronic means or U.S. Mail on April 23, 2007.

S/Carol A. Pinegar
Deputy Clerk