**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LORENZO ANTHONY,

                    Plaintiff,                      Case Number: 07-CV-10467

v.                                           HON. VICTORIA A. ROBERTS

UNKNOWN WEIDMAN, ET AL.,

                    Defendants.

_____/

## ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT

Plaintiff Lorenzo Anthony filed a *pro se* civil rights complaint pursuant to 42 U.S.C. §

1983. On February 15, 2007, the Court issued an Order of Partial Dismissal and Directing

Plaintiff to Provide Additional Copies of Complaint. The Court dismissed Plaintiff's claims

asserted under the Equal Protection Clause. Plaintiff then filed a Motion for Reconsideration.

The Court issued an Order Denying Motion on April 23, 2007. Now before the Court is

Plaintiff's Motion for Relief from Judgment.

Plaintiff seeks relief from the Court's judgment denying his motion for reconsideration

pursuant to Federal Rule of Civil Procedure 60(a). Rule 60(a) provides that "clerical mistakes in

judgments, orders or other parts of the record and errors therein arising from oversight or

omission may be corrected by the court at any time . . . on the motion of any party . . . ." Fed. R.

Civ. P. 60(a). Plaintiff's arguments in support of his motion, however, do not assert a claim of a

clerical mistake. Instead, Plaintiff argues that the Court's analysis in dismissing his equal

protection claims was misguided. Therefore, the Court will also consider Plaintiff's motion

under Federal Rule of Civil Procedure 60(b)(1). Relief from judgment may be granted pursuant

to Rule 60(b)(1) where the Court's judgment was the result of "mistake , inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). In this context, "mistake" encompasses legal errors. *See* <u>Barrier v. Beaver</u>, 712 F.2d 231, 233-34 (6th Cir. 1983).

To prevail on a claim of invidious racial discrimination, a prisoner must prove the existence of purposeful discrimination. <u>Ahmad v. Andrews</u>, 1995 WL 579363, (6th Cir. September 28, 1995), *citing* <u>McCleskey v. Kemp</u>, 481 U.S. 279, 292 (1987). "[A]t the very least, to state a claim under [a 'class of one'] theory, a plaintiff must allege that: (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." <u>Hill v. Borough of Kutztown</u>, 455 F.3d 225, 240 (3d Cir.2006). To succeed on an equal protection challenge, a plaintiff must also demonstrate the existence of discriminatory intent; arbitrary application of prison rules without discriminatory intent is insufficient to demonstrate a violation of the Equal Protection Clause. <u>Jones v. White</u>, 992 F.2d 1548, 1573 (11th Cir.1993). Mere disparity of treatment is insufficient to show discriminatory intent. <u>McKleskey</u>, 481 U.S. at 292. Without specific or concrete factual allegations of discrimination, a plaintiff cannot assert an equal protection claim. <u>Gutierrez v. Lynch</u>, 826 F.2d 1524, 1538 (6th Cir.1987)

In this case, Plaintiff's conclusory allegations that he received a misconduct for covering his cell window, threatening staff, and disobeying a direct order based upon the discriminatory intent of the defendants is insufficient to demonstrate an equal protection violation. Therefore, Plaintiff has not shown that the Court's decision resulted from mistake, inadvertence, surprise or excusable neglect, and the Court will deny the motion.

Accordingly, **IT IS ORDERED** that Plaintiff's Motion for Relief from Judgment is

**DENIED.**


                                        **S/Victoria A. Roberts**
                                        **Victoria A. Roberts**
                                        **United States District Judge**


**Dated:  July 18, 2007**

| |
|---|
| **The undersigned certifies that a copy of this document was served on the attorneys of record and pro se plaintiff by electronic means or U.S. Mail on July 18, 2007.** |
| |
| **s/Carol A. Pinegar** |
| **Deputy Clerk** |

3