# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

LORENZO ANTHONY,

    Plaintiff,                      CASE NO. 07-CV-10467

v.                                  DISTRICT JUDGE VICTORIA A. ROBERTS
                                      MAGISTRATE JUDGE CHARLES E. BINDER

WEIDMAN, MEYHOFER,
JOHN DOES 1-8, HUGHES, E.R.T.,
BABCOCK, DAVIS, TIPTON, BIRKETT,
JOHN DOE, Deputy Warden, JOHN
DOE, Administrative Deputy Warden,
OWEN, HOWARD DOE, Regional Prison
Administrator, WINN, R.N.,
ALEXANDER, R.N.,

    Defendants.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** this case be reassigned to Judge Battani pursuant to E. D. Mich. Local R. 83.11 (7) (C) as a companion case to the instant case.[1] In order to expedite this process, **IT IS FURTHER RECOMMENDED** that the Order of Reference for General Case Management previously issued in this case be vacated.

---

[1] For reasons set forth in greater detail below, I also suggest that E.D. Mich. Case no. 07-15138-AC-MKM also appears to be a companion case to Judge Battani's case no. 07-10351.

## II. REPORT

On January 30, 2007, Plaintiff, a state prisoner housed at the Standish Maximum Correctional Facility in Standish, Michigan, filed *pro se* a federal rights complaint under 42 U.S.C. §1983 alleging that in September of 2006, the Defendants conspired against him, assaulted him, punished him without legitimate penal purpose, and treated him unequally in violation of his First, Eighth, and Fourteenth Amendment rights, all in response to his penchant "for masturbating in front of staff so much." (Compl., Dkt. 1 ¶ 20.) On December 14, 2007, this case was referred to the undersigned Magistrate Judge for pretrial case management. (Dkt. 42.) After having considered the documents filed in the instant case, I find that this case is ready for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(A) and E.D. Mich. Local R. 72.1(b)(1).

Plaintiff has also filed two other complaints in this District regarding incidents occurring in August of 2006 and November of 2006 respectively: E.D. Mich. No. 07-10351-MOB-RSW and E.D. Mich. No. 07-15138-AC-MKM. These complaints allege the same type of mistreatment by persons at the Standish facility, along with some additional legal claims such as a denial of his right of access to the courts and the state court claim of emotional distress (No. 07-10351). The gravamen of the complaints is, however, the same: the correctional staff at the Standish Maximum Correctional Facility are mistreating him and inappropriately punishing him for his sexual acts in violation of his constitutionally protected rights.

Eastern District of Michigan Local Rule 83.11 governs the re-assignment of companion cases and provides that "companion cases are those in which it appears that: (i) substantially similar evidence will be offered at trial, or (ii) the same or related parties are present, and the cases arise out of the same transaction or occurrence..." E.D. Mich. Local R. 83.11(b)(7)(A). "When it becomes apparent to the Judge to whom a case is assigned and to a Judge having an earlier case

number that two cases are companion cases, upon consent of the Judge having the earlier case number, the Judge shall sign an order reassigning the case to the Judge having the earlier case number." E.D. Mich. Local R. 83.11(b)(7)(C). "[T]he Chief Judge may *only* do so [i.e., reassign a companion case] with the consent of both the Judge to whom the case was originally assigned and the Judge to whom the case would be reassigned." *National Solid Wastes Management Ass'n v. Granholm*, 315 F. Supp. 2d 867, 870 (E.D. Mich. 2004)(emphasis in original).

I suggest that this case is a companion case to case no. 07-10351 because the evidence to be offered by plaintiff is "substantially similar" and the defendants are "related" in that they are all employed at the Standish facility. E.D. Mich. Local R. 83.11(b)(7)(A). The cases aver chronologically sequential events that represent what Plaintiff himself views as a continuing pattern of violations by the Defendants. Therefore, I suggest that this case is a companion case that would be most expeditiously resolved by a single judicial officer. The presence of an additional legal ground for relief in the initial case filed (07-10351) and the presence of varying Defendants do not alter my conclusion where the cases are part of an alleged continuing series of similar violations. See, *Fieger v. Rees*, 07-CV-12496, 2007 WL 3244719, *2 (E.D. Mich. Nov. 2, 2007)(finding case was a companion case even though the case alleged only privacy act violations since those actions were a small part of but nonetheless arose out of the government's investigation into possible violations of the Campaign Act by Plaintiffs).

I therefore suggest that this case be reassigned to Judge Battani (07-10351), upon her consent, since she is "the Judge having the earlier case number." E.D. Mich. Local R. 83.11(b)(7)(C). In order to expedite this process, it is further suggested that the previously-issued Order of Reference for General Case Management in the instant case be vacated.

## III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *See Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                    s/ Charles E Binder
                                                CHARLES E. BINDER
Dated: January 4, 2008                 United States Magistrate Judge

### **CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Julia R. Bell and Clifton B. Schneider, served on Lorenzo Anthony by first class mail, and served on District Judge Roberts in the traditional manner.

Date: January 4, 2008          By     s/Patricia T. Morris
                                              Law Clerk to Magistrate Judge Binder