**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

LORENZO ANTHONY,

        Plaintiff,

v.

WEIDMAN, et al.                              CASE NO. 07-10467
                                                  HON. MARIANNE O. BATTANI

        Defendants.

_____/

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Before the Court are Plaintiff's Objections to Magistrate Judge Charles E. Binder's Report and Recommendation (Doc. #67). The Magistrate Judge, ruling on Defendants' motion for summary judgment, found that Plaintiff failed to present sufficient evidence to survive summary judgment on his Eighth and Fourteenth Amendment claims, and that Plaintiff's conspiracy and state law claims should be dismissed for lack of jurisdiction.

Plaintiff objects to the Magistrate Judge's Report and Recommendation, claiming that the Magistrate Judge was biased against the Plaintiff, improperly considered inadmissible evidence, and failed to properly consider the evidence that had been presented.

A district court must conduct a *de novo* review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be

vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[] that the district judge would be the final arbiter" of a matter referred to a magistrate. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

The case at hand arises out of Plaintiff's incarceration at the Standish Maximum Correctional Facility in Standish, Michigan. He alleges an Eighth Amendment violation resulting from an incident in which Plaintiff was engaging in disorderly conduct and had to be forcibly restrained.

The Court agrees with the Magistrate Judge that Plaintiff has failed to present evidence establishing his Eighth Amendment claim. The uncontradicted evidence establishes a pattern of verbal and physical abuse on the part of Plaintiff, which justified the forcible restraint by Defendants. Kennedy v. Doyle, 37 Fed. Appx. 755 (6th Cir. 2002) (finding that top-of-bed restraints were not excessive force when dealing with an unruly inmate). Plaintiff has further failed to provide evidence beyond the mere allegations made in the complaint showing malicious or unnecessary use of force, or to rebut the prison medical records, which directly contradict Plaintiff's claims of physical trauma. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (a party "may not rest upon the mere allegations or denials of [his] pleading, but... must set forth specific facts showing that there is a genuine issue for trial"). The log books and other properly admissible evidence supports Defendants' claims that they did not maliciously deprive Plaintiff of bathroom breaks or any other necessity. Plaintiff's bare allegations that the log book had been falsified is not sufficient evidence to rebut the detailed prison logs. See, e.g., Rivers v. Pitcher, 1995 WL 603313, *2 (6th Cir. 1995). Because Plaintiff presents insufficient evidence to support his Eighth Amendment claim, summary judgment is granted in favor of Defendants.

Next, the Magistrate Judge was correct to recommend dismissal of Plaintiff's Fourteenth Amendment claim, as Defendant's did not plead a claim separate from the Eighth Amendment claim.  See Anthony v. Hill, 2007 WL 2914253, *4 (W.D. Mich. 2007).

Further, because Plaintiff cannot prove a constitutional violation, Plaintiff's allegation of a conspiracy to deprive Plaintiff of his constitutional rights under § 1983 must fail.  See Taylor v. City of Detroit, 368 F.Supp.2d 676, 693 (E.D. Mich. 2005).  This claim is therefore dismissed.

Finally, the state law claims are dismissed, as the Court has dismissed all of Plaintiff's federal law claims.  Hankins v. The Gap, Inc., 84 F.3d 797, 802-03 (6th Cir. 1996) (holding that when all federal claims have been dismissed, the Court should decline to exercise supplemental jurisdiction over the state law claims).  See, e.g., Weeks v. Portage County Executive Offices, 235 F.3d 275 (6th Cir. 2000); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) ("if the federal claims are dismissed before trial ... the state claims should be dismissed as well").

The Court therefore **ADOPTS** the Report & Recommendation in its entirety, and **DISMISSES WITH PREJUDICE** Plaintiff's complaint.

**IT IS SO ORDERED.**

    s/Marianne O. Battani
    MARIANNE O. BATTANI
    UNITED STATES DISTRICT JUDGE

DATED: June 18, 2008

## CERTIFICATE OF SERVICE

Copies of this Order were served upon counsel of record on this date by ordinary mail and/or electronic filing.

s/Bernadette M. Thebolt  
DEPUTY CLERK